


UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JERRY MEDICINE HORN, | \* | CR 04-40106 |
| | \* | CIV 07-4104 |
| Movant, | \* | |
| | \* | MEMORANDUM OPINION |
| -vs- | \* | AND ORDER |
| | \* | |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jerry Medicine Horn has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. In this motion, Medicine Horn sets forth six claims:

1. Court error for failure to properly balance the probative and prejudicial impact of prior assaults evidence pursuant to Federal Rules of Evidence 403 and 413.

2. Court error in the admittance of evidence of prior sexual assaults pursuant to Federal Rules of Evidence 403 and 413.

3. Court error in instructing the jury on voluntary intoxication.

4. Improper sentencing enhancement.

5. Ineffective assistance of counsel.

6. Use of hearsay evidence and judicial misconduct.

The respondent filed an answer and a motion to dismiss petitioner's motion and a brief in support of the answer. Medicine Horn filed a response to the government's answer. For the reasons discussed below, the motion to vacate, set aside, or correct Medicine Horn's sentence will be denied.

## BACKGROUND

On November 17, 2004, a superseding indictment was filed against Medicine Horn, charging him with aggravated sexual abuse in violation of 18 U.S.C. § 2241(a) and sexual abuse of a minor

in violation of 18 U.S.C. § 2234(a) on victims EFH (Counts 1 and 2) and CC (Counts 3 and 4). Mr. William A. Delaney was appointed counsel for Medicine Horn and defendant pleaded not guilty on all counts. On April 27, 2005, a jury convicted Medicine Horn on counts one and two and acquitted him on counts three and four. On July 18, 2005, Medicine Horn was sentenced to concurrent terms of 240 months and 180 months on counts one and two. Medicine Horn appealed and the Eighth Circuit affirmed the judgment and sentence on May 18, 2006. *See United States v. Medicine Horn*, 447 F.3d 620 (8th Cir. 2006).

Medicine Horn filed the present § 2255 motion to vacate, set aside, or correct his sentence on July 23, 2007. The government filed an answer and moved to dismiss the motion on September 6, 2007. Medicine Horn submitted a reply to the government's response on September 10, 2008.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the Court to vacate, set aside or correct the sentence under 28 U.S.C. § 2255:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

The right of collateral review is "an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)). Thus, § 2255 actions are limited by the preclusive effect of decisions resulting from prior direct appellate review and by the doctrine of procedural default. Claims which have been raised and decided on direct appeal are precluded from further litigation under § 2255. *See Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). Likewise, under the doctrine of procedural default, issues that could have been but were not raised on direct appeal are waived and cannot be asserted for the first time in a collateral § 2255 action absent a showing of cause and actual prejudice, or a showing of actual innocence. *Bousley*, 523 U.S. at 622. S*ee also United States v. Collier*, 585 F.3d 1093, 1097 (8th Cir. 2009); *United States v. Bailey*, 235 F.3d 1069, 1071 (8th Cir. 2000).

Even where an error did occur, a conviction will not be overturned if that error is deemed

to have been harmless. *See United States v. Barnhart*, 979 F.2d 647, 652 (8th Cir. 1992). Additionally, the exception does not apply to nonconstitutional or nonjurisdictional errors that could have been but were not raised on direct appeal. *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). *See also Brennan v. United States*, 867 F.2d 111, 120 (2nd Cir. 1989); *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988).

The Court finds that Medicine Horn has failed to establish cause and prejudice, and that he has failed to establish factual innocence. Thus, Medicine Horn procedurally defaulted all of his claims other than those for ineffective assistance of counsel. Nonetheless, the Court will address all of Medicine Horn's claims on the merits.

1. <u>Court error for failure to properly balance the probative and prejudicial impact of prior assaults evidence pursuant to Federal Rules of Evidence 403 and 413.</u>
2. <u>Court error in the admittance of evidence of prior sexual assaults pursuant to Federal Rules of Evidence 403 and 413.</u>

At trial, the Court permitted the government to introduce the testimony of two additional witnesses, SA and AP, who claimed to have been sexually assaulted by Medicine Horn as minors. SA testified that she met Medicine Horn at a party on October 22, 1995, when she was seventeen years old. That same evening, SA stated that she went to the mobile home of Medicine Horn's brother and prepared to sleep on the couch. However, Medicine Horn arrived and twice forced her to have sexual intercourse with him. He stopped her from crying out for help. AP testified that in 2001 or 2002, when she was fourteen or fifteen years old, she fell asleep on a couch during a party. When she awoke, Medicine Horn was having sexual intercourse with her. When she protested, Medicine Horn covered her mouth with his hand.

Medicine Horn argues that the Court erred in determining that the prior sexual assaults testimony of SA and AP was admissible under Federal Rule of Evidence 413. He also contends that the District Court reached the wrong result in performing the Rule 403 balancing test. Medicine Horn claims the admitted testimony was far more prejudicial than probative, and that it influenced the jury's decision-making on an improper basis. Additionally, Medicine Horn argues that the admission of the testimonies violated his constitutional rights. The government argues that Medicine Horn raised these exact issues in his appeal to the Eighth Circuit and is therefore precluded from

raising them again.

These claims are precluded from further litigation under § 2255 because they were already raised and decided on appeal. *Bear Stops*, 339 F.3d at 780. *See also Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992). The Eighth Circuit held that this Court properly weighed and admitted the evidence of Medicine Horn's past sexual assaults under Federal Rules of Evidence 403 and 413. *Medicine Horn*, 447 F.3d at 620. The Court stated that while the Federal Rules of Evidence generally exclude the admission of evidence of a defendant's past wrongs to show his propensity to commit a charged offense, "Congress excepted sexual assault cases from this rule when it enacted Federal Rule of Evidence 413." *Id.* Furthermore, the Court found that this Court properly balanced the impact of the prior assaults evidence pursuant to Rules 403 and 413 as being both probative and not unfairly prejudicial. *Id.* As to Medicine Horn's claim that admission of the prior assaults violated the Constitution, the Eighth Circuit considered and rejected that claim in Medicine Horn's appeal. *Id.*

3.  Court error in instructing the jury on voluntary intoxication.

Medicine Horn argues that the Court erred in instructing the jury that voluntary intoxication is not a defense to the charged sexual abuse offenses. He claims that because his defense was not intoxication, but that he never committed the alleged sexual assaults, the instruction should not have been given. Medicine Horn contends that the instruction prejudiced him by undermining his credibility and distracting the jury from considering his actual defense with an irrelevant, collateral issue. The government argues that this claim must be dismissed, as it was previously litigated and decided by this Court, and affirmed on appeal by the Eighth Circuit.

As with claims one and two, Medicine Horn is precluded from further litigating this issue under § 2255 because it was already raised and decided on appeal. *Bear Stops*, 339 F.3d at 780. The Eighth Circuit rejected Medicine Horn's claim that this Court erred in instructing the jury on voluntary intoxication and held that the Court did not abuse its discretion. *Medicine Horn*, 447 F.3d at 620. The Court noted that district courts should generally refrain from giving voluntary intoxication instructions in cases involving rape, a general intent crime. *Id.* However, where, as here, a considerable amount of evidence is introduced at trial about a defendant's intoxicated state on the night of an assault, an instruction that voluntary intoxication is not a defense to the charged sexual

4

offenses, even over a defendant's objection, is not unfairly prejudicial. *Id.* (quoting *United States v. Norquay*, 987 F.2d 475, 480 (8th Cir. 1993), abrogated on other grounds, *United States v. Thomas*, 20 F.3d 817, 823 (8th Cir. 1994) (en banc).

4. <u>Improper sentencing enhancement</u>

Medicine Horn received a five-level enhancement to his base offense level under U.S.S.G. § 4B1.5(b). Enhancement to sentencing is allowed under U.S.S.G. § 4B1.5(b) where a defendant "engaged in a pattern involving prohibited sexual conduct." Pursuant to that guideline, the presentence investigation report (PSR) prepared for Medicine Horn recommended a five-level increase of the base offense level because of acquitted and uncharged conduct presented by the government at trial and further set forth in the PSR. The PSR calculations resulted in a total offense level of 38, criminal history category I, and a guideline range of 235 to 293 months. Medicine Horn objected to and denied these facts at trial, namely the testimony of SA and AP that Medicine Horn had raped them and the charged conduct by CC in counts three and four of the indictment for which he was acquitted. Medicine Horn premised his objections on *United States v. Booker*, which holds that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. 220 (2005).

In his § 2255 motion, Medicine Horn argues that the five-level enhancement awarded at sentencing violated his right to jury trial secured to him by the Sixth Amendment of the Constitution. Medicine Horn's basic argument seems to be that the evidence used to allow the sentence enhancement was insufficient because it was neither admitted by him nor proved to a jury beyond a reasonable doubt as required by *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The government argues that the sentencing enhancement was entirely warranted under *Booker* and that Medicine Horn relies on outdated law.

After *Booker*, the Eighth Circuit clarified that "judicial factfinding is permissible at sentencing so long as the district court understands that the sentencing guidelines are advisory only." *United States v. Cruz-Zuniga*, 571 F.3d 721, 726 (8th Cir. 2009) (internal citations omitted). Where the defendant is "not sentenced in excess of the statutory maximum," "the district court is entitled to determine sentences based upon judge-found facts and uncharged conduct." *Id.* Sentence-

5

enhancing facts that are not used to increase the defendant's sentence above the congressionally-authorized maximum need not be alleged in the indictment to pass constitutional muster. *United States v. Okai*, 454 F.3d 848, 851 (8th Cir. 2006). Additionally, sentence-enhancing facts must only be found by a preponderance of the evidence. *Cruz-Zuniga*, 571 F.3d at 726 (internal citations omitted).

Medicine Horn's Sixth Amendment challenge is without merit. This Court understood the Guidelines were advisory, and Medicine Horn was not sentenced in excess of the statutory maximum. Pursuant to 18 U.S.C. § 2241(a), the maximum term of imprisonment for Count One is any term of years to life. Pursuant to 18 U.S.C. § 2243(a), the maximum term of imprisonment for Count Two is 15 years. As Medicine Horn was sentenced to concurrent terms of 240 and 180 months for Counts I and II, his sentence was correctly imposed within the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant, namely the "statutory maximum." *Blakely*, 542 U.S. at 303.

Medicine Horn's reliance on *Blakely* and *Apprendi* is misplaced, as both *Blakely* and *Apprendi* apply to judgments imposed outside the range prescribed by statute. *Apprendi*, 530 U.S. at 481; *Blakely*, 542 U.S. at 303-304. In *Apprendi*, the Supreme Court found that "any fact," other than a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Blakely*, the Supreme Court held that a criminal defendant is denied his right to a jury trial if the court relies on facts not found by the jury beyond a reasonable doubt to depart from the statutory maximum. 542 U.S. at 296. As stated above, the Court did not depart from the statutory maximum, but sentenced Medicine Horn within the range set forth in statute by Congress.

Medicine Horn's sentence was well within the traditional authority of a sentencing judge in considering all the facts relevant to sentencing, and Medicine Horn's Sixth Amendment objection must fail.

5.  Ineffective assistance of counsel.

Medicine Horn bears a heavy burden to overcome the strong presumption that trial counsel acted competently. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). A defendant who claims to have been deprived of effective assistance of counsel must show: (1) that his lawyer's

6

representation fell below an objective standard of reasonableness; and (2) that the lawyer's deficient performance prejudiced the defendant. *Id.* at 688, 694. Judicial review of trial counsel's effectiveness is highly deferential, and this Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002). The reasonableness of counsel's performance must be evaluated by considering the circumstances faced by the attorney at the time in question, without the benefit of hindsight. *Saunders v. Trickey*, 875 F.2d 205, 207 (8th Cir. 1988). Strategic and tactical decisions made by counsel, though they may appear unwise, cannot serve as the basis for an ineffective-assistance claim. *Evans v. Luebbers*, 371 F.3d 438, 445 (8th Cir. 2004).

Medicine Horn argues that he was prejudiced by the ineffective assistance of his trial attorney, William A. Delaney, because Delaney "failed to introduce" an "inconclusive DNA test" performed on defendant's accuser. Medicine Horn contends that the inconclusive results of the test on victim's clothes show that "there was no evidence that the alleged victim even had sex with Medicine Horn that night," and claims his constitutional right to effective assistance of trial counsel has been violated under *Dorsey v. Kelly*, 112 F.3d 50, 54 (2nd Cir. 1997). Specifically, he argues that if the lab report had been presented at trial, or if the jury had heard testimony of the "uncertain nature results of the test," there is a probability that the verdict would have been different. The Court disagrees.

The DNA test that Medicine Horn refers to is actually an FBI analysis of victim EFH's clothing, dated September 2, 2004. The victim's jacket, blue jeans, and hair ties were examined for the presence of blood and semen; however, none was found. The victim's underwear was not tested, and no other serological examinations were performed upon the items. The government never claimed at trial that the defendant deposited any semen or blood on the victim's jeans or jacket, but claimed that the defendant took the victim's right leg out of her pants and underwear, and forcibly engaged her in sexual intercourse. *Medicine Horn*, 447 F.3d at 620. During trial, the victim testified to these events and made no claims that Medicine Horn's blood or semen were on her clothing. Accordingly, it was well within Delaney's discretion to choose not to bring in the FBI test results or the FBI serologist to testify that no blood or semen was found on the victim's jeans or jacket when there was never a claim made by the government that blood or semen should be expected to be found there. In light of these circumstances, the Court refrains from second-guessing counsel's strategic

decisions and cannot say that counsel's acts or omissions were outside the range of professionally competent assistance. *Strickland*, 466 U.S. at 690.

Even if Medicine Horn had met the burden under the performance prong, he has failed to show that he was prejudiced by counsel's actions. Medicine Horn must make a substantial showing that, but for Delaney's failure to introduce the FBI test results, there is a reasonable probability that the result of the trial would have been different. Medicine Horn has not made the substantial showing required of him in this case, as he fails to articulate how the results of the FBI test could have exculpated him at trial and has not provided the Court with any independent evidence in support of his claim. The only information about the potential value of the test is speculation on the part of Medicine Horn, and the Court declines to find prejudice when there is no evidence other than speculation to support the finding. *See Sanders*, 875 F.2d at 210 (appellant who filed a §2255 motion but produced no affidavit from the witness in question or any other independent support for his claim failed to show prejudice because he offered only speculation that he was prejudiced by his counsel's failure to interview the witness, which was not enough to undermine confidence in the outcome of the trial).

Medicine Horn's citation to *Dorsey*, is understandable, but the Court finds that it is inapplicable in this case due to substantive differences. In *Dorsey*, the Second Circuit held that the defendant "fairly presented" an ineffective assistance of counsel claim based on counsel's failure to introduce test results which showed that sperm found in the victim's underwear contained characteristics not consistent with those of the defendant. 112 F.3d at 54. Unlike in the present case, the allegation that the semen found in the victim's underwear could not have been the defendant's was at the core of *Dorsey*. *Id.* at 51. The court found that the defendant adequately indicated the exculpatory nature of the lab reports and the prejudicial impact of counsel's actions at trial. *Id.* In contrast, the FBI examinations in this case did not test victim's underwear, resulted in no conclusive results or evidence of any blood or semen, and were not only not at the core of the case, but were not even a part of the government's case. Medicine Horn has pointed to no exculpatory value in regard to the FBI serological examinations and has failed to show any prejudicial impact resulting from counsel's actions.

Considering the totality of the evidence that was before the jury, Delaney's decision not to introduce the FBI test results was not professionally unreasonable or deficient conduct, and no

specific prejudicial errors by Medicine Horn's counsel were identified. The Court cannot say that Delaney's representation of Medicine Horn as a whole fell below an objective standard of reasonableness, and accordingly he cannot succeed on his claim for ineffective assistance of counsel *See Cagle v. Norris*, 474 F.3d 1090, 1097 (8th Cir. 2007).

6. <u>Use of hearsay evidence and judicial misconduct.</u>

At trial, the Court allowed the limited testimony of Leilani Thin Elk, victim's friend, as to what the victim reported to her the night of the incident under the excited utterance exception to hearsay. Fed.R.Evid. 803(2). Specifically, Thin Elk quoted the victim as saying, "He hurted me."

Medicine Horn claims that the Court erroneously admitted hearsay evidence over defendant's objection. Specifically, Medicine Horn argues that it was an abuse of discretion for the Court to allow the testimony of Thin Elk under the excited utterance exception. Correspondingly, Medicine Horn claims that the Court committed judicial misconduct by changing the testimony of Thin Elk, in turn violating Medicine Horn's Sixth Amendment right to a fair trial. The government contends that Medicine Horn procedurally defaulted these claims when he did not raise them in his appeal, and that they are without merit. The government argues that the Court exercised sufficient discretion by confining the admitted testimony to a limited area and that Medicine Horn has no authority to support his claim. The government also argues that even if there was an error in the admission of excited utterance testimony it would be harmless because the declarant testified and was subject to cross-examination.

The right of collateral review is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors. *Anderson v. United States*, 25 F.3d 704, 705 (8th Cir. 1994). A claim is procedurally defaulted if could have been "fully and completely addressed on direct review based on the record created" at trial, but was not raised on direct appeal. *Bousley*, 523 U.S. at 622. *See also Bailey*, 235 F.3d at 1071.

These claims are precluded from further litigation under § 2255 because Medicine Horn failed to raise them on appeal. Because both matters could have been challenged on direct appeal but were not, they must now be dismissed under the doctrine of procedural default.

If, for the sake of argument, these claims had been raised on appeal they would still lack merit. It was not an abuse of discretion to admit Thin Elk's hearsay testimony as an excited utterance.

9

Excited utterances are statements relating to a startling event made while under the stress of excitement caused by the event. *See* Fed.R.Evid. 803(2). To determine whether the victim was under the stress of excitement when speaking to Thin Elk, the Court first held a hearing outside the presence of the jury. Thin Elk testified that the victim came to her home minutes after the assault and stated "he hurted me" while still under the stress of the startling event. Then the victim entered Thin Elk's home, went to the bathroom, and told Thin Elk about the assault. Considering the time between the assault and the statements and circumstances surrounding their conversation, the Court determined that the statement "he hurted me" was an excited utterance. However, the Court sustained the defense's objections to the remaining statements made by the victim to Thin Elk, after the victim and entered her home and gone to the bathroom, due to the lapse in time. *See United States v. Marrowbone*, 211 F.3d 452, 455 (8th Cir. 2000).

Medicine Horn also claims that the Court changed Thin Elk's testimony from the victim stating she was "hurt" to "he hurted me." The Court is not clear what Medicine Horn means, but finds that, under the circumstances, any error was harmless. "'Mere inconsistency' between witnesses' testimony is not necessarily perjury, and not every contradiction is material." *United States v. Martin*, 59 F.3d 767, 770 (8th Cir. 1995) (quoting *United States v. Nelson*, 970 F.2d 439, 443 (8th Cir. 1992). Additionally, at the time the Court admitted Thin Elk's testimony, the victim had already testified in Court that she told Thin Elk she was "hurt" and that she later stated "that Jerry raped me." Any questions concerning Thin Elk's veracity or the accuracy of the victim's statements to Thin Elk were resolved by the victim's testimony. *See United States v. Martin*, 59 F.3d 767 (8th Cir. 1995) ("Any question concerning . . . the accuracy of [victim's] statements to [testifying witness] could have been, and likely was, resolved when [victim] testified").

7. Certificate of Appealability

When the district court has denied a motion under 28 U.S.C. § 2255, the petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing" under this section showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, "a substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th

Cir. 1997). Medicine Horn has not made a substantial showing that there was an error at trial. Accordingly,

    IT IS ORDERED

1. That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied; and

2. That a Certificate of Appealability shall not be issued on any of the issues raised in the § 2255 motion.

Dated this 2nd day of June, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summer Wahpat
    DEPUTY